IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| R.O. BROOKS FRESHWADDA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:22-cv-1637-K-BN |
| | § | |
| VILLAS AT GREEN VALLEY, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

This case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Ed Kinkeade. *See* Dkt. No. 27.

Plaintiff's complaint seeks confirmation of an alleged arbitration award pursuant to 9 U.S.C. § 9. *See* Dkt. No. 1-5. The undersigned concludes the case should be dismissed because the Court does not have subject matter jurisdiction.

**Background**

Plaintiff R. O. Brooks Freshwadda entered an Apartment Lease Agreement with Defendant Villas at Green Valley on April 16, 2020, for an apartment located in Henderson, Nevada. *See* Dkt. No. 18 at ¶ 1; Dkt. No. 18-1 at ¶ 4 and Ex. A (Dkt. No. 18-1 at 5-19) (Lease Agreement).

The lease agreement does not have an arbitration clause.

Paragraph 21 of the lease agreement provides that Defendant had the right to

"regulate the time, manner, and place of parking cars, trucks, motorcycles, bicycles, boats, trailers, and recreational vehicles by anyone" and to "have unauthorized or illegally parked vehicles towed … if [the vehicle] … has no current license plate or no current registration and/or inspection sticker…" *See* Dkt. No. 18-1 at 3, 7. Plaintiff contends that Defendant breached the agreement by having his vehicle towed on December 18, 2021, because it was improperly registered. *See* Dkt. No. 1 at 11.

Plaintiff then unilaterally took the following steps, to which Defendant did not respond and which Plaintiff alleges resulted in a purported arbitration award.

On January 17, 2022, Plaintiff sent Defendant a Notice of Breach of Contract. *See id.* at 10-13. The notice stated that "[a]ll claims and disputes arising under or relating to this [Lease] Agreement are to be settled by binding arbitration in the state of Texas or another location mutually agreeable to the parties." *See id.* at 11. It also stated that Defendant "is granted" one hour from receipt of the notice to return Plaintiff's property to him, and, if does not do so, it will be assessed a fee of $250,000 per fifteen minutes until the property is returned. *See id.* Plaintiff also sent Defendant an invoice for $250,000. *See id.* at 12.

On February 1, 2022, Plaintiff sent Defendant a Second Notice of Breach of Contract. *See id.* at 14-15. In the notice, Plaintiff informed Defendant that the time to cure had expired, that it was in default because it had not responded to the first notice of breach, and that it was now liable for $720,000,000 in damages based on the formula stated in the first notice of breach. *See id.* at 14.

On June 2, 2022, Plaintiff sent Defendant a Notice of Default. *See id.* at 16-17.

Plaintiff informed Defendant that he had contacted Stratford Arbitration & Mediation Corporation to arbitrate the dispute and the arbitration hearing was scheduled for June 20, 2022, unless Defendant objected by June 7, 2022. *See id.* at 16.

On June 8, 2022, Plaintiff sent Defendant another Notice of Arbitration. *See id.* at 18-20. Plaintiff informed Defendant that the dispute was set for arbitration via Zoom before Stratford Arbitration & Mediation Corporation on June 20, 2022. *See id.* at 18. The notice further stated that Defendant's failure to respond constituted an act of "tacit agreement" not only to arbitrate the dispute, but also

> Respondent agrees to the jurisdiction, and venue of the arbitration outfit, and agrees to submit the contract and its controversy, and yourself to the jurisdiction, and venue thereof, and agree to be bound by its ruling and orders.

*Id.*

An arbitration award purports to have been issued by Stratford Arbitration & Mediation Corporation on June 20, 2022. *See id.* at 8-9. The document states that an arbitration hearing was conducted via Zoom on June 20, 2022, at 133 S. Scott Street, Burleson, Texas, which Defendant did not attend. The arbitration panel opined that Defendant was in breach of contract; that, because of some undefined relationship, Defendant had a duty to respond to Plaintiff's notices; and that Defendant neglected that duty by failing to respond or attempting "to make amends." *See id.* at 8-9. The panel found Defendant "in willful breach of contract and liable for damages." *Id.* at 9. Using the $250,000-per-fifteen-minutes formula, it determined that Plaintiff's total

damages were $720,000,000.00. *See id.* But, because "such a large award could or would have negative repercussions on the tenants residing at the Villas of Green Valley," the panel awarded Plaintiff $200,002,083.00 in damages, which includes filing fees and attorneys' fees. *Id.*

Plaintiff, proceeding *pro se*, filed this lawsuit against Defendant on June 22, 2022, seeking confirmation of the purported arbitration award under 9 U.S.C. § 9. *See* Dkt. No. 1 at 2-5. He asks the Court to confirm the arbitration award as a summary judgment and to enter judgment against Defendant in the amount of $200,002,083.00. *See id.* at 5.

In its responsive motion, Defendant contends the Court does not have subject matter jurisdiction. *See* Dkt. No. 18.

The undersigned now concludes that the Court does not have subject matter jurisdiction.

**Legal Standards**

The federal courts' jurisdiction is limited, and federal courts generally may only hear a case if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331, 1332. The Court "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3).

**Analysis**

I. <u>The FAA, standing alone, does not confer subject matter jurisdiction.</u>

A party filing a motion under the FAA to confirm an arbitration award must allege facts showing an independent jurisdictional basis for the Court to consider that motion because the FAA, by itself, bestows no federal jurisdiction. *See Hall St. Associates, L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 581-82 (2008); *Andrew v. Talbot*, 883 F. App'x 473, 474 (10th Cir. 2021) ("The Federal Arbitration Act does not confer subject matter jurisdiction on federal courts absent an independent jurisdictional basis."). Stated differently, "[a] district court has no authority to resolve a motion to confirm an arbitration award under § 9 of the FAA if the arbitration claims would not otherwise be subject to federal jurisdiction absent the arbitration agreement." *Brett-Andrew: House of Nelson v. Jackson*, Civil Action No. 1:20-CV-00069-H-BU, 2020 WL 8458834, at *2 (N.D. Tex. Dec. 4, 2020) (dismissing similar complaint by another Plaintiff seeking to confirm arbitration award for lack of subject matter jurisdiction). "Such independent bases include diversity of citizenship under 28 U.S.C. § 1332 or federal question jurisdiction under 28 U.S.C. § 1331." *Quezada v. Bechtel OG & C Constr. Servs., Inc.*, 946 F.3d 837, 841 (5th Cir. 2020) (citing *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 26 1, 26 n.32 (1983)).

Recently, the United States Supreme Court addressed the issue of when a district court may assert jurisdiction over a request to confirm or vacate an arbitral award under Sections 9 and 10 of the FAA. *See Badgerow v. Walters*, ___U.S. ___, 142 S. Ct. 1310, 1314, 212 L. Ed. 2d 355 (2022). The Supreme Court concluded that

"Section 9 and 10 applications conform to the normal – and sensible – judicial division of labor: The applications go to state, rather than federal, courts when they raise claims between non-diverse parties involving state law." *Id.*, 142 S. Ct. at 1321. Although the underlying dispute "may have originated in the arbitration of a federal-law dispute[,]" "the underlying dispute is not now at issue." *Id.* "Rather, the application concerns the contractual rights provided in the arbitration agreement, generally governed by state law." *Id.* "And adjudication of such state-law contractual rights [ ] typically belongs in state courts." *Id.* at 1321-22.

Here, Plaintiff alleges that this Court has jurisdiction under 9 U.S.C. § 9 because it states, in part, that if no court is specified in the agreement of the parties, then an application to confirm an arbitration award may be made to the United States court in and for the district where the award was made, and the purported arbitration award was made at the arbitrators' office in Johnson County, Texas. *See* Dkt. No. 1 at 1. But Plaintiff fails to allege an independent jurisdictional basis for federal subject matter jurisdiction.

II.  Plaintiff fails to meet his burden to allege federal question jurisdiction exists.

Federal question jurisdiction exists in all civil actions arising under the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 1331. To determine whether federal question jurisdiction exists, courts apply the "well-pleaded complaint" rule. The well-pleaded complaint rule "provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386,

392 (1987); *Elam v. Kan. City S. Ry. Co.,* 635 F.3d 796, 803 (5th Cir. 2011). "Most directly, and most often, federal jurisdiction attaches when federal law creates the cause of action asserted." *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning*, 578 U.S. 374, 383 (2016). Therefore, if the Court finds a federally created cause of action on the face of the plaintiff's well-pleaded complaint, the Court may exercise federal question jurisdiction over the claim.

Plaintiff asserts a claim based solely on the FAA, and, as discussed above, that is not sufficient. He fails to allege facts asserting his claim is based on any other federal law.

III.  <u>Plaintiff fails to meet his burden to allege diversity jurisdiction exists.</u>

Subject matter jurisdiction exists under 28 U.S.C. § 1332 only when there is complete diversity of citizenship between the parties and the matter in controversy exceeds $75,000. *See Vantage Drilling Co. v. Hsin-Chi Su*, 741 F.3d 535, 537 (5th Cir. 2014). "Complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (citing 28 U.S.C. § 1332). The party invoking jurisdiction under § 1332 is responsible for showing that the parties are completely diverse. *See Menchaca v. Chrysler Credit Corp.,* 612 F.2d 507, 511 (5th Cir. 1980); *see also Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988) ("The burden of proving that complete diversity exists rests upon the party who seeks to invoke the court's diversity jurisdiction.").

Plaintiff states only that the parties are not residents of Texas, but he makes

no allegations about the citizenship of either party. *See* Dkt. No. 1 at 1, 5. Thus, he fails to allege that diversity jurisdiction exists.

## Recommendation

The Court should dismiss this case without prejudice for lack of subject matter jurisdiction.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 30, 2022

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE